IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN
AND FOR PUTNAM COUNTY,
FLORIDA

PATRICK V. O'NEILL,

      Plaintiff,

vs.

ST. JOHNS RIVER WATER MANAGEMENT
DISTRICT,

      Defendant.

_____/

CASE NO.: 16-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, PATRICK V. O'NEILL, hereby sues Defendant, ST. JOHNS RIVER WATER

MANAGEMENT DISTRICT, and alleges:

### NATURE OF THE ACTION

1.     This is an action brought under Chapter 760, Florida Statutes, and 42 U.S.C.

§12101 et seq. This is also an action brought under §112.3187, Florida Statutes.

2.     This is an action involving claims which are, individually, in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3.     At all times pertinent hereto, Plaintiff, PATRICK V. O'NEILL, has been a

resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a

protected class due to his actual or perceived disability and because he engaged in protected

activity and was retaliated against thereafter.

4.     At all times pertinent hereto, Defendant, ST. JOHNS RIVER WATER

MANAGEMENT DISTRICT, has been organized and existing under the laws of the State of

Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is

used under the applicable laws identified above.

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that he

filed a charge of discrimination with the Florida Commission on Human Relations and EEOC.

This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff began his employment with Defendant on December 28, 2008, and held

the position of Business Application Coordinator at the time of his wrongful termination on

September 1, 2015.

7.     Plaintiff was subjected to disparate treatment, different terms and conditions of

employment, and was held to a different standard because of his actual or perceived disability

and record of impairment and/or due to reporting matters protected under §112.3187, Florida

Statutes.

8.     In December 2012, Plaintiff had a mental breakdown due to work related stress.

He took leave related to his condition, known to management within Defendant, and upon his

report, his relationship with Defendant's management was strained if not abysmal.

9.     Within a year or so thereafter, Plaintiff reported to management within Defendant

that he could not be part of falsifying information within the District in that the District wanted

him to prepare reports that he felt were misleading and false. In the midst of an already strained

relationship caused by Plaintiff's breakdown and leave as a result thereof, after he objected to

2

preparing these reports, in November 2014, Plaintiff received his first retaliatory and negative

evaluation. He thereafter wrote a rebuttal to that evaluation in which he reported in writing gross

misconduct, misfeasance and/or malfeasance within Defendant.

10.     Prior to November, 2014, Plaintiff had been the project manager on the Daptiv

project to report data out of the Oracle Timesheet system for upload to the internet based project

management portfolio suite.

11.     This Daptiv software by Change Point was to be used by external government

agencies to report expenditures and staff hours associated with District projects. During this

project, it became apparent to Plaintiff that there were serious problems with the integrity of the

data used to report financial data to the Daptiv/Change Point timesheet integration project. As a

project manager, it was Plaintiff's responsibility to provide an accurate picture of the District's

employee timesheet information but the integrity of the data in the system compromised the

veracity of this data.

12.     In his rebuttal to the November 2014 evaluation, Plaintiff reported the integrity

problems with the data on the Daptiv project. Defendant never responded and there was no

communication with Plaintiff regarding both the evaluation and his rebuttal.

13.     In 2015, Plaintiff continued to address wrongdoing, security breaches,

overpayment of District Funds and other matters protected under §112.3187(5). Shortly after he

attempted to change his password on his computer, he received a reprimand on August 3, 2015.

Plaintiff is not aware of any other person who would have been disciplined for changing his or

her password.

3

14.     After the rebuttal in November, 2014, Plaintiff was further isolated by management and given a heavier workload. Plaintiff embraced the additional responsibilities and saw it was an opportunity to expand his skill set. Plaintiff, however, was unwilling to go along with management's directive to overstate financial statements, ignore system misconfigurations and not properly address security issues with the Defendant's financial management system.

15.     Plaintiff was further alienated and characterized as a problem employee. Plaintiff, however, was simply trying to do the right thing and report and correct problems that could potentially be harmful to general public and the District.

16.     As a governmental employee and IT professional, Plaintiff was obligated and responsible for raising security vulnerabilities and misconfigurations of District software with management.

17.     Due to his whistle blowing disclosures and his actual and/or perceived disability and/or record of impairment, Plaintiff was terminated on September 1, 2015.

18.     Plaintiff was also terminated because he reported in writing and refused to participate in the illegal and unethical directives of the Defendant.

19.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the applicable statute(s) cited herein.

## COUNT I
## DISABILITY DISCRIMINATION

20.     Paragraphs 1-19 are realleged and incorporated herein by reference.

21.     This is an action against Defendant for disability discrimination.

22.     Plaintiff has been the victim of discrimination on the basis of his actual and/or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated employees who were did not have an actual or perceived disability.

23.     Defendant is liable for the differential treatment of Plaintiff with respect to time off and his actual and/or perceived disability, which differential treatment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

24.     Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

25.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

26.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

27.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability.

28.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses,

5

along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

## COUNT II
## VIOLATION OF PUBLIC WHISTLE BLOWER ACT

29.     Paragraphs 1-19 are incorporated herein by reference.

30.     This is an action against Defendant under §112.3187 et seq.

31.     Plaintiff was a public employee protected under Chapter 112, Florida Statutes.

32.     As stated more specifically, in part, above, Plaintiff reported and disclosed violations of state rules, regulations and laws to a person who had the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws reported by Plaintiff.   Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187 (5), et seq., Florida Statutes.

33.     After providing information as well as reporting these matters as related more fully above, Plaintiff was the victim of retaliatory actions as set forth more fully above.

34.     Plaintiff's position and responsibilities within Defendant were adversely affected as a result of reporting violations of rules, regulations and laws specified in part above.

35.     These actions were taken against Plaintiff after Plaintiff objected to and/or reported matters that Plaintiff reasonably suspected were and/or actually were incidents of gross misconduct, malfeasance, and/or misfeasance within Defendant.

36.     These reports were conveyed in writing and/or were made to supervisors and/or other persons within the Defendant who could remedy the violations.   After reporting these matters within Defendant, adverse actions were taken against him.

6

37.     Under §112.3187(4), Defendant is prohibited from taking adverse personnel action against persons like Plaintiff who disclose the types of information disclosed by Plaintiff. Specifically, Defendant is prohibited from dismissing, disciplining or otherwise taking any other adverse personnel action against an employee for disclosing information pursuant to the provisions of §112.3187(4), Florida Statutes.   Under §112.3187(3)(c) "adverse personnel action" is defined as "the discharge, suspension, transfer or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor."

38.     After making the disclosures identified in part above, Plaintiff suffered adverse employment action, which adverse actions are reported in part above.

39.     Plaintiff maintains that the actions of all employees within Defendant who affected his employment adversely did so in retaliation against him for "whistle blowing" activities.

40.     As a direct and proximate result of the actions taken against him by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, and other tangible and pecuniary damages. These damages have occurred in the past, are occurring at present and will occur in the future.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for the following relief:

   (a)     that process issue and this Court take jurisdiction over this case;

7

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f)    grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 12th day of December 2016.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
marie@mattoxlaw.com
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

8