UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK V. O'NEILL,             Case No. 3:17-cv-00079-TJC-JBT

    Plaintiff,
v.
ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, ST. JOHNS RIVER WATER MANAGEMENT DISTRICT [the District], by its undersigned counsel, hereby serves this, its Answer and Affirmative Defenses to the Plaintiff's Complaint, and states the following:

1. Admitted that the Plaintiff has filed claims under the identified statutes. Denied that such claims have merit.

2. Admitted for jurisdictional purposes only.

3. Admitted that the Plaintiff was a resident of the State of Florida and was employed by the Defendant. Otherwise, denied.

4. Admitted.

5. Denied.

6. Admitted that the Plaintiff was employed with the Defendant from December of 2008 until his termination on September 1, 2015. Otherwise, denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted that the Plaintiff as a governmental employee had a duty to disclose security issues of which he was aware to his supervisors. Otherwise, denied.

17. Denied.

18. Denied.

19. Without knowledge of the Plaintiff's relationship with his attorney, therefore, denied. Denied that the Plaintiff is entitled to, or that the Defendant should be made to pay, a fee under any of the statutes cited.

20. The Defendant re-states and incorporates its responses to paragraphs 1 through 19 as set forth above.

21. Admitted that this is a claim for disability discrimination. Denied that the claim has any merit.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied that the Plaintiff was subjected to any discriminatory decisions or actions. Therefore, no prompt remediation action was required.

27. Denied. The Plaintiff was not subject to any discriminatory action.

28. Denied. The Plaintiff was not subject to any discriminatory action.

29. The Defendant re-states and incorporates its responses paragraphs 1 through 19 as set forth above.

30. Admitted that this is a claim under the Florida Public Whistleblower's Act. Denied that the claim has merit.

31. Admitted that the Plaintiff was a public employee as defined by Chapter 112, Florida Statutes. Otherwise, denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied, as to the first sentence of the allegation. Otherwise, admitted.

38. Denied.

39. Denied.

40. Denied.

## Affirmative Defenses

41. The Defendant affirmatively alleges that the Plaintiff has failed to mitigate his damages as required by the applicable law.

42. The Defendant affirmatively alleges that the Florida Public Whistle-Blower Act does not provide as a remedy damages for emotional distress, damage to career, loss of income and opportunities or other types of compensatory damages.

43. The Defendant affirmatively alleges that even if the Plaintiff exercised rights protected by the Florida Public Whistle-Blower's Act, same was not a substantial, motivating factor in his termination, and the Defendant would have taken the same employment action regardless of the claimed protected exercise of rights.

44. The Defendant affirmatively alleges that the Plaintiff did not disclose information regarding any violation or suspected violation of any Federal, State, or local law, rule, or regulation committed by an employee of the Defendant which created and presented a substantial and specific danger to the public's health, safety or welfare.

45. The Defendant affirmatively alleges that the Plaintiff did not disclose any information of any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or abuse or gross neglect or duty committed by an employee of the Defendant.

46. The Defendant affirmatively alleges that the Plaintiff did not disclose information to any agency or federal government entity and the authority to investigate, police, manage, or otherwise, remedy the violation or act nor was the information disclosed to the Chief Executive Officer of the Defendant.

47. The Defendant affirmatively alleges that at all times it acted in good faith and had reasonable grounds for believing its conduct did not violate the Florida Public Sector Whistle-Blower's Act.

48. The Defendant affirmatively alleges that it was not provided with proper notice, and did not have actual or constructive notice of the alleged discriminatory or harassing behavior.

49. The Defendant affirmatively alleges that to the extent that an impermissible motive was a factor in any adverse employment action against Plaintiff, which Defendant emphatically denies, Plaintiff's recovery is restricted because Defendant would have taken the same employment action against Plaintiff absent unlawful motivation.

50.     The Defendant affirmatively alleges that with regard to any pendent state claim under § 760.01 et seq., Fla. Stat., over which Plaintiff seeks to have this Court exercise jurisdiction, recovery from the Defendant by Plaintiff is limited to the terms, conditions and provisions of Florida Statute §768.28 (5).

51.     The Defendant affirmatively alleges that it exercised reasonable care to prevent and correct any discriminatory or retaliatory conduct.

52.     The Defendant affirmatively allege that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendant.

53.     The Defendant affirmatively alleges that no similarly situated employees, outside of the Plaintiff's protected classes, were treated more favorably than him.

54.     The Defendant affirmatively alleges that any and all adverse employment actions taken against the Plaintiff were based upon legitimate non-discriminatory reasons.

55.     The Defendant affirmatively alleges that the Plaintiff never engaged in statutorily protected activity.

56.     The Defendant affirmatively alleges that the Court lacks jurisdiction over the Plaintiff's Florida Public Whistle-Blower's claim in that it is untimely pursuant to Florida Statute § 112.3187(8)(b).

Respectfully submitted,

/s/ _____
Michael H. Bowling, Esquire
Florida Bar No.: 0333026
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL   32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
mbowling@bellroperlaw.com
ysuedmeyer@bellroperlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2017 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a copy of the foregoing and Notice of Electronic Filing has been furnished by CMECF system to: Marie A. Mattox, Mare A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303 (marie@mattoxlaw.com; michelle2@mattoxlaw.com; and marlene@mattoxlaw.com).

/s/ _____
Michael H. Bowling, Esquire
Florida Bar No.: 0333026
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL   32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332

mbowling@bellroperlaw.com
ysuedmeyer@bellroperlaw.com
Attorney for Defendant